UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:17-cr-37-01-JL |
| | ) | |
| CHRISTOPHER CLOUGH | ) | |

### UNITED STATES' OBJECTION TO DEFENDANT'S MOTION IN LIMINE REGARDING THE BOARD OF MEDICINE PROCEEDINGS

Defendant Christopher Clough was a physician assistant who worked at a pain clinic in Somersworth, New Hampshire. The defendant is charged with violating the federal anti-kickback law, 42 U.S.C. § 1320a-7b(b), which makes it a crime for a medical provider to accept an item of value as an inducement for prescribing a drug paid for in part by a federal program.

The indictment alleges that, beginning in the Summer of 2013 and ending around the close of 2014, Clough was prescribing Subsys, a highly potent fentanyl spray, in high volumes. This prescribing began just as Insys, the manufacturer of Subsys, signed up the defendant as a "speaker" for the drug and paid him $1,000 each time for numerous speaking engagements, many of which were shams. In total, Insys paid the defendant just under $50,000. See United States v. Pfizer, 188 F. Supp. 3d 122, 133 (D. Mass. 2016) (recognizing that "kickbacks can come cloaked as speakers' fees"). The critical issue that the jury will have to determine is whether the payments for the sham speaking events were an inducement for the defendant's prescribing of Subsys.

Starting in 2014, the defendant faced an inquiry from the New Hampshire Board of Medicine regarding his performing of medically unnecessary procedures such as injections, his overprescribing of controlled substances, and other alleged misconduct. Those charges went to

an approximate seven-day hearing spread out over several months from November 2014 into April 2015.  The defendant testified under oath at length at the proceedings on topics ranging from his opioid prescribing philosophy to the propriety of certain procedures.  The Board of Medicine ultimately concluded that defendant was "less than forthcoming" in his testimony, initially suspending his license and then permanently revoking it in December 2016.  *See* Dec. 8, 2016 Board of Medicine Order, at 2, attached as Exhibit A.

Defendant has filed a motion *in limine* to preclude any evidence of defendant's Board of Medicine proceedings at trial, contending "the proceedings and their results are legally irrelevant to the matter at hand."  Dkt. No. 36.  The government disagrees.  The Board of Medicine proceedings, or at least portions thereof, are relevant to the upcoming trial in at least three ways.

First, defendant testified at length under oath at these proceedings over two days in April 2015, just a few months following the end of his illegal arrangement with Insys.  When questioned about how he would describe his "opiate prescribing philosophy," he responded:

> The philosophy -- it's an evolving philosophy in terms of -- it's one of the things that Dr. Fanciullo didn't mention. You know, in the early '90's the mantra was, you know, treat pain and treat it aggressively. There were all these studies by Russ Portnoy and his colleagues, and I'm not good at recalling the names of those studies, and so that was kind of the general philosophy to treat pain. What I do is I see people, I talk to them, I examine them and come up with a plan. Pain is one of those things where you just can't look at someone and say, well, you know, you're hurting right now, so you have to in part rely on the patient's history and you have to trust your patients to a degree although that's not the way, you know, it sort of is in pain management.  We have to have some -- I don't know if skepticism is the right word, but I'm aware of the issues in the community, so my philosophy has kind of developed from all those early studies which said, you know, treat pain and treat it aggressively, and those studies have since been -- I don't know if undermined is the word, but Russ Portnoy has come out and said he overstated the benefits of treating chronic pain and I think that was in 2011, 2012 or maybe 2013, and so the new trend is to back off on the opiates and that's essentially what we've been doing or what I've been doing.

Testimony of C. Clough, April 14, 2015, at 15:18-16:20. Again, the key issue at trial will be whether defendant's prescribing of Subsys was influenced by the money paid to him by Insys. Defendant's sworn testimony, which is admissible as a party opponent admission under Rule of Evidence 801(d)(2), is directly relevant to that issue. The government intends to introduce this testimony in its case-in-chief.

Second, the evidence at trial will show that defendant abruptly stopped prescribing Subsys to almost all of his patients in Fall of 2014 contemporaneous with his stopping as a paid "speaker" on behalf of the product. The government expects that there will be evidence at trial that the defendant told at least some patients that the reason he was stopping to write Subsys was due to the then-pendency of the Board of Medicine inquiry into his conduct. Granting defendant's motion *in limine* would artificially curtail this relevant testimony about defendant's prescription writing at a time when he was facing scrutiny.

Finally, the government anticipates that Mr. Clough will testify in his own defense at trial. Defendant's prior sworn testimony, as well as the Board of Medicine's conclusion that he was "less than forthcoming" in that testimony, are at a minimum fair game for cross examination under Federal Rule of Evidence 608(b).

In sum, the Board of Medicine proceedings, and in particular defendant's sworn testimony before the Board in April 2015, is relevant to the upcoming trial, and the government should be permitted to introduce such evidence and make inquiries on cross-examination of the defendant. The Court should deny the motion *in limine*.

Respectfully submitted,

SCOTT W. MURRAY
UNITED STATES ATTORNEY

Dated: December 3, 2018     By: /s/ Charles L. Rombeau
Seth R. Aframe
Charles L. Rombeau
Assistant United States Attorneys
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552
seth.aframe@usdoj.gov
charles.rombeau@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of this filing has been served electronically, through ECF, on Pat Richard, Esq., counsel for the defendant, on today's date.

/s/ Charles L. Rombeau
Charles L. Rombeau
Assistant United States Attorney