UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | 1:17-cr-37-JL |
| | ) | |
| Christopher Clough | ) | |

UNITED STATES' PROPOSED JURY INSTRUCTIONS

Elements of the Offense

The defendant is charged with violating a federal statute called the Anti-Kickback Act, which governs federal health care programs. In relevant part, the statute makes it unlawful for a person to "receive any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind . . . in return for ordering any item for which payment may be made in whole or in part under a Federal health care program. 42 U.S.C. § 1320a-7b. The elements of the offense, which the government must prove beyond a reasonable doubt, are:

(1) the defendant received any remuneration in cash or in kind;

(2) the defendant received the remuneration in return for ordering an item for which payment may be made in whole or in part under a Federal health care program; and

(3) the defendant received the remuneration knowingly and willfully.

A. Remuneration.

"Remuneration" means something of value in whatever form. It may be cash or something in kind. Paying for a meal for a person involved in prescribing drugs can be

remuneration. Giving that person the opportunity to earn money as a speaker on behalf of the drug company also can be remuneration.[1]

        B.      <u>Received Remuneration In Return For Ordering Any Item.</u>

The government must prove that the defendant received the remuneration in return for his prescribing Subsys for which payment was made by a Federal health care program such as Medicare.  The parties stipulated that some of the defendant's Subsys prescriptions during the relevant time were paid for by Medicare.

To "receive remuneration in return for ordering any item" means that the government must prove that there was a quid pro quo arrangement (which means "this for that") between the defendant and the person or entity paying the remunerations.  In this case that means the government must prove that the defendant received free meals and/or speaking fees from Insys in exchange for prescribing Subsys to his patients. If the defendant accepted the remuneration from Insys only for a reason other than his writing of prescriptions for Subsys, the defendant is not guilty of the charged offense. If, however, you conclude that the defendant acted with a mixture of motives for receiving the remuneration and that the government has proved that the defendant received the remuneration in part as compensation for his past or expected future prescribing of Subsys, the government has established this element of the offense. In other words, the government is not required to prove that the defendant's exclusive or primary motive for accepting the remuneration was his past or future writing of Subsys prescriptions so long as you conclude that it was one of the motives.[2]

---

[1] <u>United States v. Reichel</u>, No. 15-cr-10324-DPW (D. Mass. 2015), DN 244 at 5.
[2] <u>Id.</u> <u>United States v. Woodward</u>, 149 F.3d 46 (1st Cir. 1998).

C.   Knowingly and Willfully.

"Knowingly" means that the act was done voluntarily and intelligently and not because of ignorance of misunderstanding.

"Willfully" means that the act was done voluntarily and intentionally and with the intent that the elements of the offense be undertaken, that is with a bad purpose either to disobey or disregard the law and not because of some mistake. A person need not know the precise federal statute at issue or have the intent to violate a specific law. A person acts willfully if he acts unjustifiably and wrongly while knowing that his actions are unjustifiable and wrong. This means that the law has not been violated if the defendant acted in good faith and held an honest belief that his actions were lawful. The defendant has no burden to prove good faith; the burden is on the government to prove criminal intent and thus the defendant's lack of good faith.[3]

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | SCOTT W. MURRAY<br>UNITED STATES ATTORNEY |
| Dated:  December 7, 2018 | By: /s/ Seth R. Aframe<br>Seth R. Aframe<br>Charles L. Rombeau<br>Assistant United States Attorneys<br>53 Pleasant Street, 4th Floor<br>Concord, NH  03301<br>(603) 225-1552<br>seth.aframe@usdoj.gov<br>charles.rombeau@usdoj.gov |

---

[3]   Reich, DN 244 and 7.

## CERTIFICATE OF SERVICE

    I certify that this date I have forwarded a copy of the foregoing by ECF electronic filing to Pat Richard, Esq., counsel for the defendant.

Date: December 7, 2018

                                                    Seth R. Aframe, AUSA