```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                        Criminal No. 17-cr-37-01-JL
                                                  Opinion No. 2018 DNH 244P

Christopher Clough

## MEMORANDUM ORDER

Defendant Christopher Clough has filed three evidentiary motions in limine in advance of his jury trial on one count of conspiring to pay and receive kickbacks in violation of 18 U.S.C. § 371, and seven counts of receiving kickbacks in violation of 42 U.S.C. § 1320a-7b(b). The indictment against Clough alleges that he accepted kickbacks from Insys, a pharmaceutical company, in exchange for prescribing Subsys, a fentanyl spray, to new patients and increasing dosages to existing patients. Clough asks the court to preclude three types of evidence from the upcoming trial. The court addresses each motion in turn.

The court reminds the parties that these rulings are made without prejudice to revisiting particular issues in response to circumstances that might arise during trial. Furthermore, these rulings are limited to grounds argued in the parties' filings and raised at the final pretrial conference. The court reserves the right to assess other factors at trial, such as hearsay,

authenticity, and best evidence, see Fed. R. Evid. 800 et seq., 900 et seq., and 1000 et seq., and where appropriate, arguments and grounds not raised by counsel.

I. **Testimony regarding the "opioid crisis"**

Clough first moves to preclude any evidence or arguments referring to the "opioid crisis." He argues that because of extensive media coverage of opioid addiction and related social issues, jurors are likely to have "strong biases against an individual like Mr. Clough who was in the business of promoting and prescribing addictive opioids."[1] Evidence that refers "to an 'opioid crisis' or the dangers inherent in prescribing opioids" would, he argues, have no relevance and be extremely prejudicial, amplifying jurors' likely prejudices.[2] Thus, he moves to preclude any such evidence or arguments under Federal Rules of Evidence 401 and 403.

In response, the prosecution agrees that the "opioid crisis" is not relevant to the trial, but contends that the dangerousness of Subsys, an opioid medication, is directly relevant. It represents that the FDA required prescribers of Subsys to participate in the Transmucosal Immediate Release Fentanyl Risk Evaluation and Mitigation Strategy ("TIRF REMS"),

---

[1] Def's Mem. in Supp. Of Mot. in Lim. (doc. no. 35-1) at 4.

[2] Id. at 2.

an FDA program setting out certain safety standards in the prescription of covered drugs.  The prosecution represents that it will argue that Clough did not fully comply with the TIRF REMS requirements because doing so would have jeopardized some prescriptions of Subsys and the associated kickbacks.  Similarly, the prosecution intends to present evidence that Clough ignored evidence of addiction and dangerous side effects in patients, to avoid reducing his number of prescriptions.  The prosecution therefore contends that evidence regarding the dangers of Subsys are directly relevant and necessary to explain the drug's inclusion in the TIRF REMS program and the relevance of patient testimony.

As the parties agree, discussion of the "opioid crisis" is not relevant to the issues in the case, and so is not admissible.  See Fed. R. Evid. 401, 402.  But the specific risks and dangers of Subsys are relevant for assessing Clough's motive in prescribing the medication, his compliance with the TIRF REMS requirements, and his responses to patient feedback.  This motion is thus granted to the extent that it seeks to preclude reference to the "opioid crisis" and discussion of the dangers of opioids unmoored from the specific characteristics of Subsys.

## II. Testimony regarding patient opioid addiction

In a similar vein, Clough also moves to preclude any testimony by his former patients that they became addicted to their prescribed medication and faced difficulties recovering from addiction. He argues that this testimony "has no probative value to the matter at hand and would only tend to inflame the jury and be overly prejudicial," and so should be precluded under Federal Rules of Evidence 401 and 403.[3]

The court grants this motion in part and denies it in part. The prosecution alleges that Clough's prescriptions and prescribed dosages of Subsys were at least in part motivated by kickbacks rather than medical need. Evidence of addiction to Subsys or fentanyl among Clough's patients is, therefore, relevant to demonstrating whether Clough in fact overprescribed Subsys and whether something other than medical need motivated his prescriptions of Subsys. Assuming a sufficient basis is provided for such evidence, it will be admissible. See Fed. R. Evid. 104(b) (reliance dependent upon sufficient factual showing), 602, 701, 702. Clough may, if he so wishes, request a limiting instruction to the jury to cure any residual prejudice. See Fed. R. Evid. 105.

---

[3] Def's Mot. in Lim. (doc. no. 42).

Evidence that goes beyond the fact of addiction, such as the personal and social consequences of addiction, is both insufficiently relevant and unduly prejudicial. Generally, testimony regarding the difficulties patients may have faced because of their addiction would not be probative of any issues in the case. See Fed. R. Evid. 401, 402. And such evidence would create a high danger of unfair prejudice. See Fed. R. Evid. 403. Evidence regarding the effects of addiction will therefore generally be precluded. If, however, the evidence shows that Clough was made aware of the effects on a particular patient while still prescribing Subsys to them, by the patient themselves or otherwise, this evidence would be relevant of Clough's motive in continuing to prescribe Subsys. Clough could request a limiting instruction for any such evidence. See Fed. R. Evid. 105.

This motion is, accordingly, denied as to the fact that a patient became addicted to Subsys or fentanyl, and as to any related consequences which were communicated to Clough while he was treating them. The motion is granted as to any other consequences of addiction.

### III. Testimony regarding medical board proceedings

Finally, Clough moves to preclude the admission of testimony regarding proceedings before the New Hampshire Board

of Medicine ("Board").  The Board considered whether Clough should be permitted to retain his license as a physician's assistant, and he took part in the proceedings.  Clough's license was revoked, and the Board found that his testimony was "less than forthcoming."[4]  Clough argues that any evidence regarding the Board proceedings is both irrelevant and likely to introduce prejudice and confusion, in part because the Board's inquiry was broader than the issues in this case.  See United States v. Phung, 384 Fed. Appx. 787, 792 (10th Cir. 2010) (unpublished) ("Whenever an administrative body makes a finding that is closely related to the ultimate question put to the jury, there is a danger that jurors may simply defer to the administrative body.").  Clough moves to preclude evidence regarding the Board proceedings under Federal Rules of Evidence 401 and 403.

In response, the prosecution contends that evidence related to the Board proceedings is relevant in three ways.  First, it intends to introduce portions of Clough's sworn testimony before the board describing his "opiate prescribing philosophy." This testimony, the prosecution contends, is relevant to Clough's motive and admissible as a party opponent admission.  See Fed. R. Evid. 801(d)(2).  Second, the prosecution represents that

---

[4] Board of Medicine Order (doc. 38-1) at 2, 5.

6

evidence at trial will show that Clough stopped prescribing Subsys to almost all of his patients in the fall of 2014, and that he told at least some patients that this was because of the Board's inquiry. Third, if Clough testifies in his own defense, the prosecution argues that both his sworn testimony before the Board and the Board's determination that he was "less than forthcoming" are permissible topics for cross-examination under Federal Rule of Evidence 608(b).

Statements by Clough to patients regarding the Board's inquiry and Clough's sworn testimony before the Board, where relevant to this case, are potentially admissible as statements by an opposing party. See Fed. R. Evid. 801(d)(2). And, on cross-examination, allegedly false portions of the testimony may be probative of Clough's character for truthfulness or untruthfulness. See Fed. R. Evid. 608(b). As none of this evidence would involve the Board's rulings or introduce issues beyond the scope of this case, there is no danger of undue prejudice. See Fed. R. Evid. 403. Clough can, of course, request appropriate limiting instructions. See Fed. R. Evid. 105. See Phung, 384 Fed. Appx. at 792-93 (finding potential prejudice from deference to administrative body "substantially mitigated" by limiting instruction.")

There is a greater danger of undue prejudice from the Board's characterization of Clough's testimony as "less than

forthcoming." This credibility determination is not reputation or opinion evidence, and so is not admissible under Federal Rule of Evidence 608(a). And, under Rule 608(b), extrinsic evidence proving the Board's determination is not admissible as a specific instance of Clough's conduct to attach his character for truthfulness. The government argues, also under Rule 608(b), that the determination may be raised on cross-examination.

Whether a third-party credibility determination may be raised via questioning on cross-examination under Rule 608(b) is an unsettled question. See United States v. Manati, 697 Fed. Appx. 683, 688-89 (10th Cir. 2017) (unpublished) (collecting cases and identifying an apparent "split among those circuits that have addressed it"); United States v. Jones, Cr. No. 07-10339-MLW, 2014 WL 1093132, at *7 n.4 (D. Mass. Mar. 14, 2014) (Wolf, J.) (same). Even if such questioning is permissible, under normal circumstances the cross-examiner would be "stuck with" the witness's response, and could not introduce extrinsic evidence of the actual determination to impeach the witness. See United States v. Dawson, 434 F.3d 956, 958-59 (7th Cir. 2006). And questioning not barred by Rule 608(b) might yet be impermissible on other grounds, such as Rule 403. See id. at 959.

The probative value of the Board's evaluation of Clough as "less than forthcoming" appears, at this time, to be outweighed by potential prejudice. See Fed. R. Evid. 403. The Board does not directly elaborate on why it found Clough's testimony less than forthcoming, turning instead to discussion of other evidence in the proceeding.[5] If, however, Clough characterizes the truthfulness of his testimony to the Board at trial, "opens the door," or otherwise increases the relevance of the Board's credibility determination, cross-examination on the subject may be permissible.[6] Clough could request a limiting instruction regarding any testimony elicited from such questioning. See Fed. R. Evid. 105.

This motion is therefore granted-in-part and denied-in-part. Admission of the Board's credibility determination, even on cross-examination, is precluded absent Clough putting the truthfulness of his testimony before the board at issue. But his testimony and any relevant statements made to patients about the Board's inquiry are not precluded.

## IV. Conclusion

Clough's motions in limine are resolved as follows:

---

[5] Board of Medicine Order (doc. 38-1) at 2.

[6] Sound trial practice would suggest approaching the bench to notify the court and adverse counsel before proceeding to introduce such extrinsic evidence.

- The motion to preclude testimony regarding the "opioid crisis" is GRANTED,[7] but evidence regarding Subsys is not precluded.

- The motion to preclude testimony regarding patient opioid addiction is GRANTED-IN-PART and DENIED-IN-PART.[8]

- The motion to preclude testimony regarding medical board proceedings is GRANTED-IN-PART and DENIED-IN-PART.[9]

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated: December 11, 2018

cc: Charles L. Rombeau, AUSA
    Seth R. Aframe, AUSA
    Patrick J. Richard, Esq.
    Robin Gagne, Esq.

---

[7] Document no. 35.

[8] Document no. 42.

[9] Document no. 36.