UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                     Criminal No. 17-cr-037-01-JL

<u>Christopher Clough</u>



<u>JURY INSTRUCTIONS</u>

## INTRODUCTION

At this stage of the trial it is the duty of the court to instruct you on the principles of law that you will apply in deciding this case.  It is your duty to follow these instructions during your deliberations.  You should not single out any one instruction but instead apply these instructions as a whole to the evidence in this case.

The fact that the prosecution is brought in the name of United States of America entitles the United States Attorney to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

## JURY IS SOLE JUDGE OF FACT

As jurors, you are the sole and exclusive judges of the facts.  You must weigh the evidence that has been presented impartially, without bias, without prejudice, without sympathy. You must make a determination as to what the facts are, what the truth is, based upon the evidence presented in the case.  You will decide the case by applying the law as it is given to you in these instructions to the facts as you find them to be from the evidence.

## CREDIBILITY OF WITNESSES

Your duty as a jury is to determine what the facts are, what the truth is. In doing that, it will be necessary for you to assess the credibility of each witness and determine what weight you will give to each witness's testimony. By credibility we mean the believability or the truthfulness of a witness.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief or not worthy of belief. For example:

- Consider each witness's intelligence, motive, state of mind, and demeanor and manner while testifying;

- Consider each witness's ability to observe or to know the matters about which that witness has testified and whether the witness impresses you as having an accurate recollection of those matters;

- Consider whether the witness had any reason for telling the truth or not telling the truth, whether the witness had an interest in the outcome of the case, or whether the witness had any friendship, relationship, or animosity toward other individuals involved in the case;

- Consider the extent, if any, to which the testimony of each witness was consistent or inconsistent with itself or with the testimony of other witnesses; and

- Consider the extent, if any, to which the testimony of each witness was either supported or contradicted by other evidence in the case.

The testimony of a witness may be discredited or, as we sometimes say, "impeached," by showing that the witness previously made statements which are different from, or inconsistent with, his or her testimony here in court. Inconsistent or contradictory statements which are made by a witness outside of court may be considered only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier out of court statements. If a prior inconsistent statement was made under oath in a deposition or an interrogatory answer, however, it may be introduced not only to impeach the credibility of the witness but also as substantive evidence of the truth of the statement.

You must decide what weight, if any, should be given the testimony of a witness who has made prior inconsistent or contradictory statements. In making this determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small

detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

In assessing the credibility of each witness, both under direct and cross-examination, you will assign each witness's testimony whatever weight as you deem proper.  You are not required to believe the testimony of any witness simply because that witness was under oath.  You may believe or disbelieve all or part of the testimony of any witness.  It is within your province to determine what testimony is worthy of belief and what testimony may not be worthy of belief.

## LAW ENFORCEMENT AGENTS

During the course of trial, you also heard law enforcement agents testify.  You should consider the testimony of law enforcement agents in the same manner as you would consider the testimony of any other witness in the case.  In evaluating the credibility of a law enforcement agent, you should use the same tests which you would apply to the testimony of any other witness.  In no event should you give the testimony of a law enforcement agent any more credibility or any less credibility simply because of that witness's position.

## COOPERATING WITNESSES/ACCOMPLICES

During the course of trial, you also heard testimony from
two witnesses, Jeffrey Pearlman and Natalie Babich, who
allegedly participated in the crimes charged against the
defendant and who provided evidence under an agreement or other
arrangement with the United States Attorney.  Some people in
this position are entirely truthful when testifying.  Still, you
should consider the testimony of such individuals with
particular caution.  They may have had reason to testify, or
color their testimony, in ways that they believed would be
beneficial to themselves.

In evaluating the testimony of such witnesses, you may
consider any agreement or other consideration that the United
States Attorney has given or may give to them to determine if it
affected the way they testified and the events to which she
testified.  You may consider, for example, whether the witness
was motivated by a desire to please the United States Attorney,
or by a desire to tell the truth.  You may consider how a
witness's hope of any future benefit as a result of any such
agreement or consideration may operate to induce testimony
favorable to the government and contrary to that of the
defendant.

You may also consider the fact that Mr. Pearlman and
Ms. Babich testified under what is known as "immunity."  What

this means is that the United States Attorney has agreed that
the testimony of these witness may not be used against them in
any criminal case brought by the government except in a
prosecution for perjury or giving a false statement.  Again, as
with testimony by any cooperating witness, you should consider
immunized testimony with particular caution.  In particular, you
should consider whether or not the witness's testimony has been
colored in any way because of the grant of immunity.

## **WITNESS WITH CRIMINAL CONVICTIONS**

During the course of trial, you heard evidence that
Mr. Pearlman and Ms. Babich have pleaded guilty to or been
convicted of crimes, including crimes related to those the
defendant has been charged with.  You may consider that
evidence, together with other pertinent evidence, in assessing
their credibility and deciding how much weight to give to their
testimony.

You must not, however, use their guilty pleas or
convictions as evidence against the defendant in this case.  You
must render your verdict as to the defendant solely on the basis
of the evidence or lack of evidence against him.

**STATEMENT BY DEFENDANT**

You have heard evidence that the defendant made statements in which the United States Attorney alleges he admitted certain facts.  It is for you to decide (1) whether the defendant made any statements and (2) if so, how much weight to give them.  In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the statements may have been made and any facts or circumstances tending to corroborate or contradict the statements.

**LIMITED PURPOSE EVIDENCE**

A particular item of evidence is sometimes received for a limited purpose only.  You were instructed by the court that certain evidence was received only for a limited purpose.  You may use the evidence only for that limited purpose, and not for any other purpose.

**QUESTIONING BY THE JUDGE**

During the trial, I asked questions of one or more of the witnesses who testified.  You should not infer anything whatsoever from any questions that I asked any of the witnesses in this case.  Do not assume that I hold any opinion regarding any part of this case.  You are the sole judges of the facts in this case.

## WEIGHT OF THE EVIDENCE

The weight of the evidence is not necessarily determined by the number of witnesses testifying on one or the other side of an issue. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief. You may find that the testimony of a small number of witnesses on a particular issue is more credible than the testimony of a greater number of witnesses on the other side of that issue.

In reviewing the evidence, you should consider the quality of the evidence and not the quantity. It is not the number of witnesses or the quantity of testimony that is important, but the quality of the evidence that has been produced that is important. You will consider all of the evidence, no matter which side produced or elicited it, because there are no property rights in witnesses or in the evidence that is presented.

## WHAT IS EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses, all of the exhibits received in evidence, and any stipulations the parties have entered. You will consider all of the evidence no matter which side produced or elicited it

because neither side has an exclusive right to the testimony of particular witnesses or to the evidence that is presented.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty.

Direct evidence is the testimony given by a witness about what that witness has seen, has heard or has observed, or what that witness knows based on personal knowledge. Direct evidence also includes any exhibits that have been marked.

Evidence may also be used to prove a fact by inference. This is referred to as circumstantial evidence. In other words, from examining direct evidence you may be able to draw certain inferences which are reasonable and justified in light of your daily experience. Such inferences constitute circumstantial evidence. Circumstantial evidence may be given the same weight by you as direct evidence.

## STIPULATIONS

You heard that the parties in this case entered into what is known as a "stipulation." The parties' stipulation is Exhibit 155.

A stipulation is an agreement that you may consider certain facts to have been proven even though you did not receive

testimony or other evidence as to those facts.  You may, but are not required to, accept the stipulation as proof of those facts.

## WHAT IS NOT EVIDENCE

Certain things are not evidence and cannot be considered by you as evidence.  Arguments and statements by lawyers are not evidence.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory controls.  If the law as stated by the lawyers differs from the law as stated by the court, you must take the law from the court.

You are not to be concerned with the wisdom of any rule of law as stated by the court.  Regardless of any opinion that you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in this case.

Questions and objections by lawyers are not evidence, unless the witness adopts the facts set forth in the question. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should

not be influenced by objections or by my ruling on objections. It is the responsibility of the court to rule on objections and the court has not intended to indicate in any way by its rulings or by what it has said what the verdict should be in this case. The court in this case, as in all cases, is completely neutral and impartial and leaves it to the jury to decide the case based on the facts as you find them to be and the law as the court will give it to you.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

## PRESUMPTION OF INNOCENCE

The fact that an indictment is returned against an individual is not evidence of that person's guilt. An indictment is merely a formal method of accusing an individual of a crime in order to bring that person to trial. It is you the jury who will determine whether the defendant is guilty or not guilty of the offense charged based on a consideration of all the evidence presented and the law applicable to the case. Therefore, you must not consider the indictment in this case as any evidence of the guilt of the defendant, nor should you draw

any inference from the fact that an indictment has been returned against him.

The law presumes every defendant to be innocent until proven guilty beyond a reasonable doubt.  The defendant, although accused, thus begins a trial with a clean slate -- with no evidence against him.  The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant.

The presumption of innocence alone is sufficient to acquit a defendant unless the jury is satisfied beyond a reasonable doubt that the defendant is guilty after a careful and impartial consideration of all of the evidence in the case.

## BURDEN OF PROOF:  BEYOND A REASONABLE DOUBT

The burden is always on the United States Attorney to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant.  That is, the defendant does not have to prove his innocence.  The law does not impose upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant enters the courtroom and is presumed to be innocent until the United States Attorney convinces you beyond a reasonable doubt that he is guilty of every essential element of the offense charged.

If the jury, after careful and impartial consideration of all of the evidence in this case, has a reasonable doubt that the defendant is guilty of the charge set forth in the indictment, it must find the defendant not guilty.

The jury must never find a defendant guilty based on mere suspicion, conjecture, or guess. Rather, the jury must decide the case on the evidence that is before you and on the reasonable inferences that can be drawn from that evidence.

## NO CONSIDERATION OF SENTENCING OR PUNISHMENT

You are not to give any consideration to potential punishments or sentences in deciding this case. The punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict. You must decide this case based on the evidence you have seen and heard and on the law as the court gives it to you, and not on any punishment you believe the defendant might receive or could receive.

## INDICTMENT

The indictment consists of eight counts. Count 1 charges the defendant with conspiring to pay and receive kickbacks in violation of 18 U.S.C. § 371. Counts 2 through 8 charge the defendant, Christopher Clough, with seven counts of receiving

kickbacks in violation of 42 U.S.C. § 1320a-7b(b).  I will
describe those charges in more detail in a moment.

The indictment charges that the offenses were committed "on
or about" certain dates.  Although it is necessary for the
government to prove beyond a reasonable doubt that the defendant
committed the offenses on dates reasonably near the dates
alleged in the indictment, it is not necessary for the
government to prove that the offense was committed on precisely
the date charged.

## COUNT 1 – CONSPIRACY

Count 1 of the indictment charges that, from on or about
August 1, 2013, through on or about October 21, 2014, in the
District of New Hampshire and elsewhere, the defendant knowingly
and willfully conspired and agreed with employees,
representatives, and agents of Insys, and who acted on its
behalf, to knowingly and willfully offer, pay, solicit, or
receive any remuneration, directly or indirectly, openly or
secretly, in cash or in kind, in return for purchasing and
ordering, and for arranging for the purchase and order of goods,
services, and items, that is prescriptions for Subsys, for which
payment was made in whole or in part by a Federal health care
program, namely Medicare, contrary to 42 U.S.C. § 1320a-7b(b).

In order to sustain its burden of proof for the crime of conspiracy to pay and receive kickbacks as charged in the indictment, the government must prove the following elements beyond a reasonable doubt:

First, that an agreement existed between at least two people to commit the crime of paying and receiving kickbacks, as I will define that crime to you; and

Second, that the defendant willfully joined in that agreement with the specific intent that the underlying crime be committed; and

Third, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

I will now explain these elements to you in more detail:

**Agreement.** The government must prove the existence of an agreement. A conspiracy is an agreement, spoken or unspoken, between two or more people who join together in an attempt to achieve an unlawful objective. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But for a conspiracy to exist, it is necessary that those who were involved shared a general understanding about the crime.

Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests, does not necessarily establish proof

16

of the existence of a conspiracy.  One may know, be friendly with, or spend time with someone who has committed a crime without having committed a crime himself.  Likewise, the mere presence of the defendant at the scene of an alleged crime does not, standing alone, make such a defendant a member of a conspiracy.

Proof that the defendant willfully joined the conspiracy must be based upon evidence, whether direct or circumstantial, of his own words or actions.  You need not find that the defendant agreed specifically to or knew all the details of the crime, or knew every other co-conspirator, or that he played a major role, but the government must prove beyond a reasonable doubt that the defendant knew the essential features and general aims of the venture.

Even if the defendant was not part of the conspiracy at the very start, he can be found guilty of conspiracy if the government proves beyond a reasonable doubt that the defendant willfully joined the conspiracy later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some objective of the conspiracy, does not thereby become a conspirator.

The government is required to prove that a second conspirator with criminal intent existed.  In other words, in order to prove that the defendant is guilty of conspiracy, the

government must prove that at least one other person with whom the defendant conspired was not a government agent.

**Intent**. The government must also prove that the defendant willfully joined the agreement with the specific intent that the underlying act be committed.

A person has done an act "willfully" if he has done it voluntarily and intentionally and with the specific intent to undertake the elements of the offense, that is, with a bad purpose either to disobey or disregard the law and not because of ignorance, accident, or mistake. A person need not know the precise federal statute at issue or have the intent to violate a specific law to act willfully. A person acts willfully if he acts unjustifiably and wrongly while knowing that his actions are unjustifiable and wrong. This means that the law has not been violated if the defendant acted in good faith and held an honest belief that his actions were lawful. The defendant has no burden to prove good faith; the burden is on the government to prove criminal intent and thus the defendant's lack of good faith.

To prove that the defendant willfully joined a conspiracy, the government must prove, beyond a reasonable doubt, that the defendant acted with two intentions: (1) an intent to enter into the agreement; and (2) an intent, whether reasonable or not,

that the underlying crime be committed.  Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.  A person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

**Overt act.**  The government must also prove that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.  An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  Only one overt act has to be proven.  The government is not required to prove that the defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

**Success.**  It is not necessary for the government to prove that the conspiracy succeeded in achieving its criminal

objective -- only that the conspiracy existed and that the defendant willfully joined it with the specific intent that the objective be achieved.  Nor is it necessary for the government to prove that it was actually possible for the conspiracy to achieve the criminal objective.  The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

## COUNTS 2 THROUGH 8 – RECEIVING KICKBACKS

Counts 2 through 8 of the indictment charges the defendant with receiving compensation from Insys in exchange for prescribing Subsys to new patients and increasing the dosage of Subsys prescribed to existing patients in violation of 42 U.S.C. § 1320a-7b(b), which provides, in relevant part, that whoever knowingly and willfully solicits or receives any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind in return for ordering any item for which payment may be made in whole or in part under a Federal health care program, shall be guilty.

In order to sustain its burden of proof for the crime of receiving kickbacks as charged in the indictment, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant received any remuneration in cash or in kind;

>
> Second, that the defendant received that remuneration in
> return for ordering an item for which payment may be made
> in whole or in part under a Federal health care program;
> and
>
> Third, that the defendant received the remuneration
> knowingly and willfully.

I will now explain these elements to you in more detail:

**Remuneration.** The government must prove that the defendant
received remuneration. "Remuneration" means something of value
in whatever form. It may be cash or something in kind.

**Federal health care program.** The government must prove
that the defendant received the remuneration in return for his
prescribing Subsys for which payment was made by a Federal
health care program. The parties have stipulated that some of
the defendant's Subsys prescriptions during the relevant time
were paid for by Medicare, which is a Federal health care
program.

**In return for ordering any item.** The government must also
prove that Clough "received remuneration in return for ordering
any item." To prove this element, the government must prove
that a quid pro quo arrangement existed between the defendant
and the person or entity paying the remunerations. ("Quid pro
quo" means "this for that.") In this case, that means the
government must prove that the defendant received free meals

and/or speaking fees from Insys in exchange for prescribing Subsys to his patients.  If you conclude that the defendant accepted the remuneration from Insys for a reason other than his writing of prescriptions for Subsys, and that this other reason was his only reason for accepting that remuneration, the government has not proven this element and you must find the defendant not guilty of the charged offense.

If, however, you conclude that the government has proved that the defendant accepted the remuneration from Insys as compensation for his past or expected future prescribing of Subsys, even if he accepted it for other reasons as well, the government has established this element of the offense.  In other words, the government is not required to prove that the defendant's exclusive or primary motive for accepting the remuneration was his past or future writing of Subsys prescriptions, so long as you conclude that it was one of the motives.

**Knowingly and willfully.**  Finally, the government must prove that the defendant received the remuneration knowingly and willfully.

A person has done an act "knowingly" he has done it voluntarily and intelligently and not because of ignorance or misunderstanding.

And as I explained previously, person has done an act "willfully" if he has done it voluntarily and intentionally and with the specific intent to undertake the elements of the offense, that is, with a bad purpose either to disobey or disregard the law and not because of ignorance, accident, or mistake.  A person need not know the precise federal statute at issue or have the intent to violate a specific law to act willfully.  A person acts willfully if he acts unjustifiably and wrongly while knowing that his actions are unjustifiable and wrong.  This means that the law has not been violated if the defendant acted in good faith and held an honest belief that his actions were lawful.  The defendant has no burden to prove good faith; the burden is on the government to prove criminal intent and thus the defendant's lack of good faith.

## VERDICT FORM

In the verdict form, you will be asked to indicate whether you find the defendant "guilty" or "not guilty" of the offenses charged in the indictment.  Remember that you may not find the defendant guilty unless you unanimously find that the United States Attorney has proven beyond a reasonable doubt each element of the crime.

## NOTE TAKING

You were permitted to take notes during this trial, and I want to remind you of the instructions I gave you about your notes. Do not use your notes as authority to persuade other jurors. Your notes should be used only as aids to your own memory and must not be used as authority to persuade the other jurors of what the evidence was during the trial. You might have made an error or a mistake in recording what you have seen or heard. In the end, each juror must rely on his or her own recollection or impression as to what the evidence was. Your notes are not official transcripts of the testimony.

## CONCLUSION

The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this case, which is important to the parties. You are to exercise your judgment and common sense without prejudice, without sympathy, but with honesty and understanding. You should be conscientious in your determination of a just result in this case because that is your highest duty as officers of this court. Remember also that the question before you can never be: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict be guilty or not guilty.

When you have considered and weighed all of the evidence, you must make one of the following findings with respect to each crime charged:

1.  If you have a reasonable doubt as to whether the United States Attorney has proved any one or more of the elements of the crime charged, including the identity of the defendant as the perpetrator of the crime, it is your duty to find the defendant not guilty.

2.  If you find that the United States Attorney has proved all of the elements of the crime charged beyond a reasonable doubt, including the identity of the defendant as the perpetrator of the crime, then you may find the defendant guilty.

As I explained before, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict.

When you retire, you should elect one member of the jury as your foreperson.  That individual will act very much like the chairperson of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a full and fair opportunity to express his or her views, positions and arguments on the evidence and on the law.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with the other jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors or merely for the purpose of returning a verdict.  You should also take as much time for deliberations in this case as you consider to be necessary and appropriate.

Remember at all times that you are not partisans.  You are judges, judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  If during your deliberations it becomes necessary to communicate with the court, you may do so only in writing, signed by the foreperson or by one or more members of the jury.  Give that note to the court security officer and it will be brought to the court's attention.  No member of the jury should ever attempt to

communicate with the court except by a signed writing, and the
court will communicate with the jury on anything concerning the
case either in writing or orally in the courtroom.  Remember
that you are not to tell anyone, including the court, how the
jury stands, numerically or otherwise, on the matters you are
deciding, until after you have reached a unanimous verdict or
have been discharged.

Nothing said in these instructions is intended to suggest
or to convey in any way or manner what your verdict should be.
The verdict is the sole and exclusive duty and responsibility of
the jury.

When you have completed the verdict form according to these
instructions and the instructions on the form, you will have
concluded your deliberations and arrived at a verdict.  At that
point the foreperson should sign and date the verdict form.
Then notify the security officer and you will be returned to the
courtroom.