FILED - USDC -NH
2021 MAY 17 AM 10:46

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Case No.: 17-CR-37-07-JL |
| CHRISTOPHER CLOUGH | |

Christopher Clough's Supplemental Motion For Compassionate Release

Under 3582 (c)(1)(A)

Now comes the defendant, Christopher Clough, pro se putting before the court a supplement to his motion for compassionate release ("CR") under 3582 (c)(1)(A) pending before the court.

The defendant, on 2/15/2021, replied to the Government's objection to his CR motion, which Mr. Clough was forced to handwrite due to the camp being put on lockdown that barred him access to the phones, computers, law library or computers. Mr. Clough brings forward his prior pro se motion and his subsequent reply to the Government's objection to his motion that is pending before the court while adding this supplement as conditions have changed even further. Mr. Clough's situation at FMC Devens has deleteriously changed, at no fault of his own.

A. Mr. Clough Is Exposed To And Contracts Covid-19

In response to Mr. Clough's pending CR motion before the court, the Government argued, and stood by, their original opposition motion whereby they claim that no infections are present at the camp were Mr. Clough resides. The Government was, and continues to be, factually inaccurate with respect to this critical claim, and Mr. Clough pointed out, then that inmate Lynch was infected with Covid-19 and subsequently released upon the court granting his motion for CR as a direct result of his contracting Covid-19 (US v. Lynch).. Mr. Clough is now in the same predicament as former inmate Lynch having contracted Covid-19 on April 27, 2021. Mr. Clough's contraction of Covid-19 is the direct result of the BOP's failure, not his own, to protect him. As of late April 2021, the BOP has stipulated only 40% of its staff have been vaccinated (see BOP website). Mr. Clough contracted Covid-19 from direct contact with and exposure to one of the warehouse officers that supervises him, Mr. Antunes, because the officer declined vaccination, which then put Mr. Clough in harms way, resulting in his contraction of Covid-19. Mr. Antune's participated in a "shakedown" of the camp on April 22, lasting

approximately three hours after which Mr. Antunes went home ill. FMC Devens then failed to notify any inmates at the camp of their potential exposure to Covid-19 until May 27 when Mr. Clough developed upper respiratory symptoms that the officer on duty at the warehouse noticed, subsequently then calling for the testing of Mr. Clough due to his exposure to and contact with Mr. Antunes who contracted Covid-19. Mr. Clough was administered a rapid Covid-19 test that he tested positive for, and he was abruptly taken to the SHU in the main prison to quarantine. The camp was immediately placed on lockdown.

Mr. Clough spent fourteen days in the SHU, in isolation, as a result of his infection whereby he was denied access to the phone to call his children, the computer or any method of communication to include the law library. Because of this, Mr. Clough was unable to complete this supplemental motion during that time, and he was forced to wait upon his release back to the camp to draft this supplemental motion. Mr. Clough was released back to the camp on May 11, 2021 in the morning whereby the camp was undergoing Covid-19 testing, which Mr. Clough was excluded from.

Mr. Clough received his first Covid-19 vaccination approximately three weeks prior to his contracting Covid-19, and due to the BOP's failure, and not Mr. Clough's, he contracted Covid-19. In its response motion objecting to the court granting Mr. Clough's CR release the Government cites US v. Korn where the court opines "the mere possibility of contracting a communicable disease such as Covid-19, without a showing that the BOP will not or cannot guard against...such disease, does not constitute an extraordinary and compelling reason for a sentence reduction" (Doc 93). FMC Devens has proven it cannot, nor did it, protect Mr. Clough and needlessly subjected him to a communicable disease. Vaccines exist to prevent Covid-19 infections for which Mr. Clough did his part, accepting and undergoing the first of two vaccinations. The Devens staff is the only vehicle that Covid-19 has to gain entry into the prison while the BOP's staff refuses to undergo vaccination thus failing to protect its inmates, which is evident by the appalling vaccination rate at FMC Devens and the BOP as a whole. Because of such failings, Mr. Clough suffered, and continues to suffer. FMC Devens cannot, did not and has not, protected Mr. Clough, and he would be, is safer, at home. Mr. Clough is at a minimum security camp with out custody. Upon contracting Covid-19 because of the BOP's failings, and not his own, FMC Devens response, treatment for him, is to place him in solitary confinement in an ultra stressful environment for 14 days. Their monitor of his condition consisted merely of a nurse coming once every eight hours to take his temperature and place a pulse oximeter on his finger. Not once was a stethoscope placed on Mr. Clough's chest to auscultate his lungs while he suffered from a severe respiratory disease. This is the BOP's, and Devens, response to Covid-19.

In Mr. Clough's circumstance Covid-19 is no longer a general threat to him, it is a direct threat, and given his contraction of Covid-19 the Government's prior assertion that the "mere existence of the Covid-19 pandemic, which poses a general threat to every non-immune person in the country, does not fall into either [Mr. Clough have a medical condition and instead has only a generalized concern], does not fall into either of those categories and therefore could not alone provide a basis for a sentence reduction." (Doc 93). Mr. Clough's concerns are no longer generalized and now when viewed in light of his

medical conditions, the Government's main argument is no longer valid, and neither are many, most, of the cases they cite to support their argument, specifically Raia and Eberhart are no longer valid (Doc 93).

Wherefore, in consideration of the foregoing, defendant Christopher Clough requests, in conjunction with his prior pro se motion that is pending before the court that the court grant his motion for compassionate release;

1. Grant Mr. Clough's motion for reduction of sentence pursuant to 3582 (c)(1)(A); and

2. Order that Mr. Clough's sentence of incarceration be reduced to time served and extend his period of supervised release; and

3. Order that Mr. Clough immediately be transferred from FMC Devens to begin supervised release under the condition of home confinement; and

4. Order that Mr. Clough remain under the condition of home confinement until October 29, 2022 or earlier when considering applicable time credits;

5. Grant any such further relief as the court may deem just or proper.

Respectfully submitted
Christopher Clough
*(signature)*
Pro Se

Date: May 12, 2021

Christopher Clough
Reg # 15630-049
FMC Devens, Camp
PO Box 879
Ayer, MA 01432

CERTIFICATE OF SERVICE

I, Christopher Clough, state on May 13, 2021 I mailed a copy of this motion by first class mail, United Postal Service to the clerk of courts for filing and the Government will be notified electronically by the court.

Respectfully,

Christopher Clough
May 13, 2021